(No. 1978— )

LURA SUTTON, ADMINISTRATRIX OF THE ESTATE OF GRADY SUTTON, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 1, 1933.*

MILEY & COMBS, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE VAUSE delivered the opinion of the court:

This is a claim by Lura Sutton, Administratrix of the Estate of Grady Sutton, for compensation on account of the accidental death of Grady Sutton on July 1, 1932. The evidence discloses that Grady Sutton was on that date in the employ of the State of Illinois as a State highway patrolman in the Department of Public Works and Buildings of the State of Illinois, pursuant to Paragraph 249, Chapter 121, Smith Hurd's Revised Statutes, 1931. The evidence discloses that the deceased on the above date, while in the line of his duty as such State highway patrolman, while assisting officers of Saline County, Illinois, in arresting three men under suspicion as being automobile thieves, was shot and killed by one of the alleged thieves while in the custody of the deceased and the Chief of Police of the City of Harrisburg, Illinois and while the said alleged thieves were being taken under arrest to jail in Harrisburg. The evidence further discloses that the deceased left surviving him his widow, Lura Sutton, and two children under the age of sixteen years who were totally dependent upon him for support; that all medical and hospital bills have been paid by the State.

Th authority given to this court to hear and determine claims for compensation for the accidental injury or death of State employees is fixed by Sub-paragraph 6 of Section 6 of the Act of the Legislature creating this court, which provides as follows:

"(6) To hear and determine the liability of the State for acidental injuries or death suffered in the course of employment by any employee of the State, such determination to be made in accordance with the rules prescribed in the Act commonly called the 'Workmen's Compensation Act', the Industrial Commission being hereby relieved of any duty relative thereto." Smith-Hurd Statutes, 1931, Chapter 37, paragraph 432.

By virtue of Section 3 of the Workmen's Compensation Act, the terms of said Act apply automatically and without election to the State and by Section 5, the term "employee" as used in the Workmen's Compensation Act means every person in the employ or service of the State except any official of the State.

Highway patrol officers, such as the deceased, are appointed by the Department of Public Works and Buildings of the State of Illinois. Their tenure is at the will of the department. The character of their service and tenure make such highway patrol officers employees rather than officials. *City of Pekin* vs. *Industrial Commission*, 341 Ill. 312, 317, 318. There is no dispute in the record but that the deceased came to his death from an accidental injury arising out of and in the course of his employment. Claimant as his administratrix is therefore entitled to the allowance of an award by this court.

The salary of the deceased was One Hundred Seventy-five Dollars ($175.00) per month. The deceased left surviving him a legal widow and two (2) children under sixteen years of age, totally dependent upon him for support at the time of his death. Under paragraphs 7(a) and 7(h)3, the claimant would be entitled to an award of Forty-eight Hundred Dollars ($4,800.00) if paid in installments. Under Section 8, the claimant would be entitled to maximum payments of Sixteen Dollars ($16.00) per week. Commuted to a lump sum settlement on the basis of weekly payments, claimant is entitled to a lump sum award of Forty-five Hundred Thirty-four Dollars and Thirty-two Cents ($4,534.32).

An award of Forty-five Hundred Thirty-four Dollars and Thirty-two Cents ($4,534.32) in favor of the claimant as administratrix of the estate of Grady Sutton, deceased, is therefore allowed.